Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000734
13-MAY-2019
08:14 AM

NOS. CAAP-15-0000734 AND CAAP-16-0000827

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-15-0000734**
BANK OF HAWAII, Plaintiff-Appellee,
v.
RICHARD ANTHONY MARQUES; LAURA MARIE MARQUES,
Defendants-Appellants,
and
JIM HOGG; PALEHUA COMMUNITY ASSOCIATION; DIRECTOR OF
BUDGET AND FISCAL SERVICES, CITY AND COUNTY OF
HONOLULU; MAKAKILO RIDGE COMMUNITY ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE "NON-PROFIT" CORPORATIONS 1-50;
and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1345)

**CAAP-16-0000827**
BANK OF HAWAII, Plaintiff-Appellee,
v.
RICHARD ANTHONY MARQUES; LAURA MARIE MARQUES,
Defendants-Appellants,
and
JIM HOGG; PALEHUA COMMUNITY ASSOCIATION; DIRECTOR OF
BUDGET AND FISCAL SERVICES, CITY AND COUNTY OF
HONOLULU; MAKAKILO RIDGE COMMUNITY ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE "NON-PROFIT" CORPORATIONS 1-50;

and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1345)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Fujise and Chan, JJ.)

## I.    Introduction

In CAAP-15-0000734, Defendants-Appellants Richard Anthony Marques and Laura Marie Marques (collectively, **the Marqueses**) appeal from a "Judgment" entered on September 11, 2015 (**First Judgment**) by the Circuit Court of the First Circuit (**Circuit Court**).[1]  The Marqueses also challenge the Circuit Court's "Findings of Fact, Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment on All Claims and Against (1) Richard Anthony Marques, (2) Laura Marie Marques, (3) Jim Hogg, (4) Palehua Community Association, (5) Director of Budget and Fiscal Services, City and County of Honolulu, and (6) Makakilo Ridge Community Association; Interlocutory Decree of Foreclosure and Order of Sale Filed on August 20, 2014" (**FOFs/COLs and Order**) also entered on September 11, 2015.[2]

On appeal, the Marqueses allege twelve points of error, all essentially based on their contention that they rescinded the two subject loans under 15 U.S.C. § 1601 et seq., the Truth in Lending Act (**TILA**).[3]

Points of error 1-4 challenge the Circuit Court's FOFs 9-12,[4] respectively, alleging that the Circuit Court erred when

_____

[1]  The Honorable Bert I. Ayabe presided.

[2]  Only the Marqueses and Plaintiff-Appellee Bank of Hawai'i submitted briefs in this appeal.

[3]  Citations to the relevant portions of TILA are provided *infra*.

[4]  FOFs 9-12 provide:

> 9.  Defendants Marques have defaulted in the
> (continued...)

it granted summary judgment because there was a genuine issue of material fact as to whether a loan from Bank of Hawai'i to the Marqueses on September 16, 2008 (**First Loan**), was rescinded under TILA. Point of error 5 challenges FOF 13[5] on the basis that the Circuit Court erred in granting summary judgment because there was a genuine issue of material fact as to whether the First Loan was rescinded under TILA and "Bank of Hawaii admitted that the

---

(...continued)

observance and the performance of the terms, covenants and conditions set forth in Note No. 1 and Mortgage No. 1 in that they have failed, neglected, and refused to pay the principal and interest thereon at the times and in the manner provided in Note No. 1 and are consequently in default under Note No. 1 and Mortgage No. 1.

10. Notwithstanding due and proper demand made upon Defendants Marques for payment of all amounts due and owing to Plaintiff BOH under Note No. 1 and Mortgage No. 1, Defendants Marques have failed, neglected, and refused, and continue to fail, neglect, and refuse to pay the same to Plaintiff BOH and are consequently in default under Note No. 1 and Mortgage No. 1.

11. On April 25, 2011, a notice of default letter was sent to Defendants Marques by certified mail, return receipt requested, for Note No. 1 and Mortgage No. 1. Defendants Marques failed to cure the default set forth in the notice of default letter.

12. Due to their failure to make payment of all amounts due and owing to Plaintiff BOH, Defendants Marques continue to be in default and, in accordance with the terms of Note No. 1 and Mortgage No. 1, the entire amount of the indebtedness thereunder has been accelerated and is immediately due and payable.

[5] FOF 13 provides:

13. Plaintiff BOH is and continues to be the holder of Note No. 1 and Mortgage No. 1, and as of April 30, 2014, Defendants Marques are indebted to Plaintiff BOH as follows:

| | |
|---|---|
| Principal | $1,073,843.75 |
| Interest at 5.87500% | 202,862.06 |
| Escrow Advance | 28,954.67 |
| Late Charges | 13,993.68 |
| Misc. Fees | 300.00 |

TOTAL $1,319,954.16

Interest continues to accrue at a per diem rate of $114.00 and late fees continue to accrue at $326.82 per month. Further, Plaintiff BOH has incurred and continues to incur attorneys' fees and costs in connection herewith.

3

Marqueses rescinded and only owed $996,844.11." Points of error 6-10 challenge the Circuit Court's FOFs 16-20,[6] respectively, alleging that the Circuit Court erred in granting summary judgment because there was a genuine issue of material fact as to whether a loan from Bank of Hawaiʻi to Richard Anthony Marques (**Richard**) on October 16, 2008 (**Second Loan**) was rescinded under TILA. Points of error 11-12 challenge FOF 21 and COL 2,[7]

---

[6] FOFs 16-20 provide:

> 16. Defendant Richard Anthony Marques has defaulted in the observance and the performance of the terms, covenants and conditions set forth in Note No. 2 and Mortgage No. 2 in that he has failed, neglected, and refused to pay the principal and interest thereon at the times and in the manner provided in Note No. 2 and is consequently in default under Note No. 2 and Mortgage No. 2.
> 17. Notwithstanding due and proper demand made upon Defendant Richard Anthony Marques for payment of all amounts due and owing to Plaintiff BOH under Note No. 2 and Mortgage No.2, Defendant Richard Anthony Marques failed, neglected, and refused, and continues to fail, neglect, and refuse to pay the same to Plaintiff BOH and is consequently in default under Note No. 2 and Mortgage No. 2.
> 18. On April 27, 2011, a notice of default letter was sent to Defendant Richard Anthony Marques by certified mail, return receipt requested, for Note No. 2 and Mortgage No. 2. Defendant Richard Anthony Marques failed to cure the default set forth in the notice of default letter.
> 19. Due to his failure to make payment of all amounts due and owing to Plaintiff BOH, Defendant Richard Anthony Marques continues to be in default and, in accordance with the terms of Note No. 2 and Mortgage No. 2, the entire amount of the indebtedness thereunder has been accelerated and is immediately due and payable.
> 20. Plaintiff BOH is and continues to be the holder of Note No. 2 and Mortgage No. 2, and as of April 30, 2014, Defendant Richard Anthony Marques is indebted to Plaintiff BOH as follows:

> | | |
> |---|---|
> | Principal | $166,903.17 |
> | Interest at 6.99% | 38,290.31 |

> **TOTAL $205,193.48**

> Interest continues to accrue at a per diem rate of $31.96 and late fees continue to accrue. Further, Plaintiff BOH has incurred and continues to incur attorneys' fees and costs in connection herewith.

[7] FOF 21 and COL 2 provide:

> 21. Plaintiff BOH seeks to foreclose its mortgage

(continued...)

respectively, alleging that the Circuit Court erred in granting summary judgment because there was a genuine issue of material fact as to whether the First and Second Loans were rescinded under TILA.

In CAAP-16-0000827, the Marqueses appeal from a "Judgment" entered on October 20, 2016 (**Second Judgment**) by the Circuit Court.[8] The Marqueses also challenge an "Order Granting Plaintiff's Motion for Confirmation of Sale, for Distribution of Proceeds, for Writ of Possession, and for Deficiency Judgment" (**Order Confirming Sale**) also entered by the Circuit Court on October 20, 2016.

On April 13, 2017, we entered an order consolidating CAAP-15-0000734 and CAAP-16-0000827, and on August 22, 2017, we issued an order granting the Marqueses' motion to waive filing of a supplemental opening brief in this consolidated appeal. Therefore, the only points of error on appeal are those argued by the Marqueses in CAAP-15-0000734.

## II. Background

This judicial foreclosure action stems from loans secured by two mortgages on real property located on Kuamu Street

---

(...continued)

liens and its security interests upon the property covered by Note No. 1, Note No. 2, Mortgage No. 1 and Mortgage No. 2 and which property is identified as [the property] and is the property which is the subject of the First Amended Complaint filed herein. Plaintiff BOH's mortgage liens as evidenced by the above-referenced Mortgage No. 1 and Mortgage No. 2 are valid and subsisting first and second mortgage liens and security interests on the Property.

. . . .

2. Defendants Marques [sic] are indebted to Plaintiff BOH in the amounts set forth in the above Findings of Fact and the same is not subject to a set-off or affirmative defense. Note No. 1, Note No. 2, Mortgage No. 1 and Mortgage No. 2, which Mortgage No. 1 and Mortgage No. 2 cover [the property], evidencing and securing said indebtedness as described in the preceding Finding of Fact, are valid and enforceable according to their terms.

[8] The Honorable Bert I. Ayabe presided.

in Kapolei, Hawai'i, formerly owned by the Marqueses (**the property**).

On September 16, 2008, Bank of Hawai'i made the First Loan in the amount of $1,105,000.00 to the Marqueses, secured by a mortgage on the property.

On October 16, 2008, Bank of Hawai'i made the Second Loan in the amount of $170,000.00 to Richard only, secured by a mortgage on the property (**Second Loan**).

On June 29, 2011, Bank of Hawai'i filed a Complaint alleging that the Marqueses were in default on both the First and Second Loans, and sought to foreclose upon its mortgage and security interests in the property.

On July 26, 2011, the Marqueses filed their Answer. Attached to the Answer as an exhibit was a July 25, 2011 letter from the Marqueses' counsel to Bank of Hawai'i's counsel, stating that Bank of Hawai'i is "hereby notified" that the Marqueses "exercise their right to cancel [the First and Second Loans] based upon numerous federal Truth-In-Lending-Act violations, including but not limited to the failure to deliver to each of them two completed copies of the notice of right to cancel and required disclosure statements." (**7/25/11 Letter**).[9]

On February 14, 2014,[10] Bank of Hawai'i filed its First Amended Complaint.[11]

On February 24, 2014, the Marqueses filed their Answer to the First Amended Complaint.

---

[9] The 7/25/11 Letter was sent within three years of "consummation of the transaction[,]" *i.e.*, the First and Second Loans, as provided in 15 U.S.C. § 1635(f). In its Answering Brief, Bank of Hawai'i states that "counsel for [Bank of Hawai'i] received a Request to Cancel letter from the Marques' counsel" and "[t]he letter was attached to the Marques' Answer to Complaint[,]" citing the 7/25/11 Letter.

[10] Bankruptcy filings by Laura Marie Marques (**Laura**), subsequently dismissed by the Bankruptcy Court of the District of Hawai'i, appeared to have delayed proceedings in the Circuit Court.

[11] The First Amended Complaint added the Makakilo Ridge Community Association as a defendant, but is otherwise substantially identical to the original Complaint.

On August 20, 2014, Bank of Hawai'i filed a "Motion for Summary Judgment on All Claims and Against Defendants (1) Richard Anthony Marques, (2) Laura Marie Marques, (3) Jim Hogg, (4) Palehua Community Association, (5) Director of Budget and Fiscal Services, City and County of Honolulu, and (6) Makakilo Ridge Community Association" (**Motion for Summary Judgment**).

On November 5, 2014, the Marqueses filed their opposition to Bank of Hawaii's Motion for Summary Judgment.

On September 11, 2015, the Circuit Court entered its FOFs/COLs and Order and its First Judgment, both in favor of Bank of Hawai'i.

On October 12, 2015, the Marqueses timely appealed.

On May 25, 2016, Bank of Hawai'i filed its "Motion for Confirmation of Sale, for Distribution of Proceeds, for Writ of Possession, and for Deficiency Judgment" (**Motion to Confirm Sale**).

On June 22, 2016, the Marqueses filed their opposition to Bank of Hawai'i's Motion to Confirm Sale.

On October 20, 2016, the Circuit Court entered its Order Confirming Sale and Second Judgment, both in favor of Bank of Hawai'i.

On November 21, 2016, the Marqueses timely appealed.

**III. Discussion**

We review the Circuit Court's grant of summary judgment de novo. Kawashima v. State, 140 Hawai'i 139, 148, 398 P.3d 728, 737 (2017).

The threshold issues on appeal are (1) whether the Marqueses raised genuine issues of material fact as to whether Bank of Hawai'i provided the required Notices of Right to Cancel at the signing of the two subject loans, and, if so, (2) whether the loans were properly and timely rescinded by the Marqueses, so as to render summary judgment in favor of Bank of Hawai'i improper.

In E. Sav. Bank, FSB v. Esteban, 129 Hawaiʻi 154, 296 P.3d 1062 (2013), the Supreme Court of Hawaiʻi summarized the law pertaining to disclosures required under TILA:

> One protection available to consumers under TILA is a right of rescission in any consumer credit transaction in which a security interest is acquired in property used as the principal dwelling of the person to whom credit is extended; this "buyer's remorse" provision extends for three business days following consummation of the transaction or delivery of the relevant disclosures to the consumer. 15 U.S.C. § 1635(a).[12]
>
> TILA requires that creditors clearly and conspicuously disclose information regarding the right to rescind and provide borrowers with appropriate forms to exercise this right. 15 U.S.C. § 1635(a). Where a creditor fails to make the required disclosures under TILA, the act extends the borrower's right to rescind for three years after consummation of the subject transaction. 15 U.S.C. § 1635(f).[13]

---

[12] 15 U.S.C. 1635(a) (2012) provides:

**(a) Disclosure of obligor's right to rescind**

Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

[13] 15 U.S.C. 1635(f) (2012) provides:

**(f) Time limit for exercise of right**

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures

(continued...)

Id. at 157–58, 296 P.3d at 1065–66 (footnotes omitted).

Furthermore:

> Regulation Z, issued by the Federal Reserve Board, implements TILA's requirements and describes the right of rescission as follows:
>
>> The consumer may exercise the right to rescind until midnight of the third business day following the occurrence described in paragraph (a)(1) of this section that gave rise to the right of rescission, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice and material disclosures are not delivered, the right to rescind shall expire 3 years after the occurrence giving rise to the right of rescission, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. . . .
>
> 12 C.F.R. § 226.15(a)(3) (emphasis added).
>
> This court previously described the contours of TILA's requirements and remedies in Hawaii Community Federal Credit Union v. Keka, 94 Hawai'i 213, 11 P.3d 1 (2000), where we explained:
>
>> [ ] TILA requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights. Failure to satisfy TILA subjects a lender to criminal penalties for noncompliance, . . . as well as to statutory and actual damages traceable to a lender's failure to make the requisite disclosures. . . .
>>
>> Going beyond these rights to damages, TILA also authorizes a borrower whose loan is secured with his principal dwelling, and who has been denied the requisite disclosures, to rescind the loan transaction entirely, until midnight of the third day following the consummation of the transaction or the delivery of the information and rescission forms required under

---

(...continued)

required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

> this section together with a statement containing the material disclosures required under this subchapter, whichever is later. TILA provides, however, that the borrower's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, even if the required disclosures have never been made. TILA gives a borrower no express permission to assert the right of rescission as an affirmative defense after the expiration of the 3-year period.
>
> 94 Hawai'i at 223, 11 P.3d at 11 (internal citations, quotation marks, and brackets omitted).

Id. at 158 n.7, 296 P.3d at 1066 n.7 (brackets and ellipses in original).

In Keka, the Hawaii Supreme Court more closely examined the issue of proving rescission pursuant to inadequate disclosures under TILA. There, lender Credit Union's motion for summary judgment included an affidavit by Charles E. Paranial, an officer of the Credit Union, which attached "true" copies of, *inter alia*, the required Notice of Right to Cancel disclosures, which the Kekas, as borrowers, admitted to signing on the date they signed their loan documents. Id. at 218, 224, 11 P.3d at 6, 12. However, the Kekas' affidavits and a declaration submitted in opposition to the Credit Union's motion stated that they did not receive copies of the Notice of Right to Cancel disclosures at signing. Id. at 224, 11 P.3d at 12. The supreme court noted that "TILA provides that 'written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.'" Id. (citing 15 U.S.C § 1635(c)).[14] The supreme court further noted that:

---

[14]  15 U.S.C. 1635(c) (2012) provides:

   **(c) Rebuttable presumption of delivery of required disclosures**

   Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is

(continued...)

> The case law of other jurisdictions is well settled that a debtor's affidavit averring non-delivery is sufficient to create a genuine issue of material fact as to whether the statutory presumption had been rebutted, thereby precluding summary judgment with respect to a claim based upon a debtor's assertion of non-delivery. Stone v. Mehlberg, 728 F.Supp. 1341, 1353-54 (W.D. Mich.1989 & Supp. Opinion 1990); Powers v. Sims & Levin Realtors, 396 F.Supp. 12, 22-23 (E.D.Va.1975) ("congressional policy, as expressed by 15 U.S.C. § 1635(c), precludes granting a creditor summary judgment on the basis of a receipt acknowledgment alone where the [debtors] deny by affidavit that they received the disclosures required by [TILA]"); Cintron v. Bankers Trust Co., 682 So.2d 616, 616-17 (Fla.Dist.Ct.App.1996); Award Lumber & Constr. Co., Inc. v. Humphries, 110 Ill.App.3d 119, 65 Ill.Dec. 676, 441 N.E.2d 1190, 1191-92 (1982) (discussing relevant case law and concluding that, "while an affidavit of non-delivery from defendant in this case would have sufficed to create a material issue of fact, the mere allegation thereof . . . is insufficient to rebut the presumption raised by the signed acknowledgment of receipt").

Id. at 224-25, 11 P.3d at 12-13. The supreme court held that "the Kekas' affidavits and declaration raised a genuine issue of material fact as to whether the Credit Union timely provided the Kekas with the disclosures required by TILA[,]" and consequently the supreme court vacated the lower court's grant of summary judgment with respect to the Keka's counterclaim for damages arising from this TILA violation. Id. at 225, 11 P.3d at 13.

In the instant case, Bank of Hawaiʻi attached two "Notice of Right to Cancel" documents to their reply to the Marqueses' opposition to the summary judgment motion. The first Notice, dated September 16, 2008, bears both the Marqueses' signatures beneath the statement, "The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement." The second Notice, dated October 16, 2008, bears Richard's signature beneath the statement "I ACKNOWLEDGE THAT I RECEIVED TWO (2) COPIES OF THIS NOTICE OF RIGHT TO CANCEL AND ONE (1) COPY OF THE TRUTH IN LENDING DISCLOSURES."

---

(...continued)
    required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

However, Richard's Declaration attached to the Marqueses' opposition to Bank of Hawai'i's summary judgment motion states the following:

> 11. As I was signing the [Second Loan] documents, I was provided with a *Notice of Right to Cancel* ("Notice"), attached as **Exhibit 5**. This was my first time seeing the Notice, and only I was required to sign it. Neither Laura nor myself were provided or required to sign the Notice at the time we signed the [First Loan] documents.

(Emphasis in original). Exhibit 5 is identical to the second Notice attached to Bank of Hawai'i's reply.

**A.    First Loan**

Pursuant to Keka and given that the 7/25/11 Letter[15] was submitted to Bank of Hawai'i's counsel within three years of the First Loan, see 15 U.S.C. § 1635(f), Richard's Declaration raised a genuine issue of material fact as to whether Bank of Hawai'i timely provided the Marqueses with the Notice of Right to Cancel disclosure required by TILA for the First Loan. Keka, 94 Hawai'i at 224-25, 11 P.3d at 12-13. Therefore, we must vacate the portions of the Circuit Court's First and Second Judgment and underlying Orders in favor of Bank of Hawai'i relating to that First Loan.

In reaching this conclusion, we disagree with Bank of Hawai'i's contention that, pursuant to Beazie v. Amerifund Financial, Inc., Civil No. 09-00562 JMS/KSC, 2011 WL 2457725 (D. Haw. June 16, 2011) (citing Yamamoto v. Bank of N.Y., 329 F.3d 1167 (9th Cir. 2003)), summary judgment was proper in the instant case, even assuming timely rescission by the Marqueses, because

---

[15] We disagree with Bank of Hawai'i's contention that the 7/25/11 Letter was defective under 15 U.S.C. 1635(a) because it was sent from borrower's counsel to lender's counsel, rather than from borrower to lender directly. See Belini v. Washington Mut. Bank, FA, 412 F.3d 17, 21, 27 (1st Cir. 2005) (holding that borrower's rescission notice, sent by borrower's counsel to the lender, constituted valid notice of rescission under 15 U.S.C. § 1653); Williams v. Wells Fargo Home Mortg., Inc., 410 Fed.Appx. 495, 497-98, 2011 WL 395978, at *1-2 (3rd Cir. 2011) (describing in its legal analysis the borrower's rescission notice, sent by borrower's counsel to lender, as "[t]he notice to rescind[.]"). Bank of Hawai'i cites no relevant authority for its proposition that notice of rescission must be sent only from borrower directly to the lender to be effective.

the record showed the Marqueses lacked the capacity to pay back the loans.

In <u>Beazie</u>, the United States District Court for the District of Hawai'i (**District Court**) held that despite the sequence of events outlined in 15 U.S.C. § 1635(b), a court has discretion to require borrowers to prove ability to pay as a condition of rescission under TILA. <u>Id.</u> at *7. Specifically:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted <u>when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what</u>. Such a decision lies within the court's <u>equitable discretion</u>, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.
>
> <u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1173 (9th Cir. 2003)[.]
>
> . . . .
>
> Based upon the evidence presented, the court <u>exercises its discretion</u> in finding that rescission should be conditioned on Plaintiff's tender of the loan proceeds.

<u>Id.</u> (emphasis added). In <u>Beazie</u>, the District Court thus exercised its discretion, but also determined based on the record in that case that there was a genuine issue of material fact as to whether the borrower could tender the loan proceeds. <u>Id.</u> at *8-9.

Here, at no point in the transcripts, FOFs/COL and Order, or First Judgment does the Circuit Court indicate that it is exercising its discretion to deviate from the steps described in 15 U.S.C § 1635(b).

B. **Second Loan**

Pursuant to <u>Keka</u>, Richard's Declaration did not raise a genuine issue of material fact with regards to the Second Loan to

13

rebut the presumption of delivery of the Notice of Right to Cancel. See 15 U.S.C. § 1635(c). Contrary to the arguments in the Marqueses' Opening Brief, Richard's Declaration and Exhibit 5 demonstrate that Richard was indeed "provided with a Notice of Right to Cancel" "as [he] was signing" the Second Loan.

Neither the Marqueses' Opening Brief nor the Marqueses' opposition to summary judgment allege any other TILA violations with regard to the Second Loan that would trigger the three-year rather than three-day rescission deadline.[16] Accordingly, the Circuit Court did not err in granting summary judgment with regard to the Second Loan.

## IV. Conclusion

For the reasons discussed above, we conclude that:

In CAAP-15-0000734, to the extent that they address the Second Loan, we affirm the "Judgment" and the "Findings of Fact, Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment on All Claims and Against Defendants (1) Richard Anthony Marques, (2) Laura Marie Marques, (3) Jim Hogg, (4) Palehua Community Association, (5) Director of Budget and Fiscal Services, City and County of Honolulu, and (6) Makakilo Ridge Community Association; Interlocutory Decree of Foreclosure and Order of Sale Filed on August 20, 2014," both entered on September 11, 2015 by the Circuit Court of the First Circuit. However, we vacate the September 11, 2015 Judgment and order to the extent they pertain to the First Loan.

Similarly, in CAAP-16-0000827, to the extent that they address the Second Loan, we affirm the "Judgment" and "Order

---

[16] Although Richard's Declaration states that he personally sent a notice of rescission of the Loans to Bank of Hawai'i, theoretically in addition to the 7/25/11 Letter, such notice was untimely under the three-day deadline. Richard's Declaration does not provide a date or a copy of said letter, but does state that, after signing the Loans, he saw his "monthly payments increase," learned borrowers are able to cancel a loan after agreeing to it, and "[p]ursuant to my right to cancel, I sent Bank of Hawai'i notice of rescission regarding the [First and Second Loan.]" (Emphasis added). We infer that Richard wrote to Bank of Hawai'i more than three days after consummating the Second Loan, rendering his rescission untimely and ineffective in light of the circumstances.

Granting Plaintiff's Motion for Confirmation of Sale, for Distribution of Proceeds, for Writ of Possession, and for Deficiency Judgment," both entered on October 20, 2016 by the Circuit Court of the First Circuit. However, we vacate the October 20, 2016 Judgment and order to the extent they pertain to the First Loan.

This case is remanded to the Circuit Court of the First Circuit for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, May 13, 2019.

On the briefs:

Gary Victor Dubin,
Richard T. Forrester,
for Defendants-Appellants.

Mitzi A. Lee,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

15